IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JARROD ANTHONY PORTLOCK                                                               PLAINTIFF

v.                    Civil No. 5:21-cv-05187-TLB-MEF

DEPUTY GOLDEN, Benton County
Detention Center (BCDC); TURN KEY
HEALTH CLINICS, LLC, Medical Contractor
for the BCDC; and NURSE MOLLY ROY,
Turn Key Health Clinics, LLC                                                          DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court on Defendants' Motion to Dismiss (ECF No. 24).

### I.   DISCUSSION

On May 3, 2022, the Defendants filed a Motion to Dismiss for lack of prosecution (ECF No. 24). In the Motion, Defendants indicate Plaintiff is no longer incarcerated in the Benton County Detention Center ("BCDC") and has failed to update his address. Plaintiff was moved to the Arkansas Division of Correction and Defendants were able to locate him and take his deposition. However, their written discovery requests have been returned as undeliverable. Defendants maintain they should not have the burden of attempting to locate Plaintiff. They ask that the case be dismissed.

Plaintiff's address of record is still the BCDC. When the case was filed, Plaintiff was advised (ECF No. 3) that he had the burden of keeping the Court apprised of his current address at all times. If Plaintiff was transferred to another jail or prison or released, he was advised he had 30-days from the date of transfer or release in which to notify the Court of his new address. Plaintiff was advised that failure to inform the Court of an address change shall result in dismissal of the case.

Following the filing of the Motion to Dismiss, the Court entered a Show Cause Order (ECF No. 25). Plaintiff was given until May 24, 2022, to show cause why he failed to obey the Order of the Court. If he failed to respond to the Show Cause Order, Plaintiff was advised that the case shall be subject to dismissal.

As expected, the Show Cause Order was returned as undeliverable (ECF No. 26). In accordance with the Court's normal practice, a 30-day deadline was established for Plaintiff to submit a new address. The new address was due by June 17, 2022. To date, Plaintiff has not provided the Court with a new address. The last document filed by the Plaintiff was on January 31, 2022.

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with an order of the court. Fed. R. Civ. P. 41(b); *Line v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added). Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas

requires parties appearing *pro se* to monitor the case, and to prosecute or defend the action diligently.

## II.   CONCLUSION

For these reasons, it is recommended that Defendants' Motion to Dismiss (ECF No. 24) be **GRANTED.**  This case should be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure based on Plaintiff's failure to prosecute this case, his failure to obey the orders of the Court, and his failure to comply with Local Rule 5.5(c)(2).

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.   The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 23rd day of June 2022.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE